IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES GREGORY MORRIS, #39490-177, | § § § | |
| Movant, | § § | |
| VS. | § § | Civil Action No. 3:25-CV-2202-D (Criminal No. 3:09-CR-101-D-1) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

MEMORANDUM OPINION
AND ORDER

On August 13, 2025 movant James Gregory Morris ("Morris"), a federal prisoner, filed a *writ of praecipe* with a habeas corpus petition. Having reviewed the pleadings, record, and applicable authorities, the court dismisses the writ for lack of jurisdiction. Treating the pleadings as a successive motion to vacate sentence under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241, the court dismisses them for want of jurisdiction.

I

In 2009 Morris was indicted on two counts of receipt of child pornography and one count of possession of child pornography. Following a bench trial, he was found guilty on all three counts. *See United States v. Morris*, 2010 WL 2900323 (N.D. Tex. July 19, 2010) (Fitzwater, C.J.). At sentencing, the court departed from the applicable Sentencing Guidelines and sentenced Morris to 262 months' imprisonment. His conviction was affirmed on direct appeal. *See United States v. Morris*, 443 Fed. Appx. 889 (5th Cir. 2011) (per

curiam). Morris then unsuccessfully moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *United States v. Morris*, 2013 WL 5422923, at *1 (N.D. Tex. Sept. 27, 2013) (Fitzwater, C.J.).

In 2017 Morris filed a motion for relief from void judgment under Fed. R. Civ. P. 60(b)(4) in his criminal case, seeking to challenge the underlying criminal judgment. The court denied the motion, and, liberally construing it as a second § 2255 motion, dismissed it as a successive application that the court lacked jurisdiction to review. *United States v. Morris*, 2017 WL 3088388, at *1 (N.D. Tex. July 20, 2017) (Fitzwater, J.) (adopting magistrate judge's recommendation). In 2018 the court also denied Morris' motion to set aside a judgment for fraud upon the court.

In 2020 Morris filed a petition for writ of habeas corpus challenging the underlying criminal judgment based on so-called sovereign citizen doctrines. The court construed the petition as a third § 2255 case and issued two deficiency orders requiring Morris to file his petition on the § 2255 form. When Morris failed to comply, the court dismissed the construed § 2255 motion for failure to comply with a court order under Fed. R. Civ. P. 41(b). *United States v. Morris*, 2020 WL 6135704, at *1 (N.D. Tex. Oct. 19, 2020) (Fitzwater, J. (adopting magistrate judge's recommendation). The court also denied Morris' motion for relief from a judgment.

Morris now seeks a *writ of praecipe*, which asks the court to serve a habeas corpus petition on respondent. He challenges in substance his underlying criminal conviction, seeks restoration of his rights, and alleges that he is being unlawfully held at FCI Seagoville.

Morris also requests an "immediate hearing in order to enforce his right to challenge the respondent, face to face, in regard[] to jurisdiction, authority, and the nature and cause of the restraint[.]" ECF No. 2 at 3. Morris signs his pleadings with a "non-negotiable autograph" and a thumbprint. *Id.* at 4. He also includes an "International Bill of Exchange — UNCITRAL Convention." *Id.* at 7.

II

"[A] *writ of praecipe* amounts to a 'written motion or request seeking some court action.'" *Rainey v. United States*, 2012 WL 4320852, at *2 (S.D.W. Va. Sept. 20, 2012) (quoting *Black's Law Dictionary*, "*Praecipe*," (9th ed. 2009)). Morris essentially asks the court to invalidate his conviction based on frivolous sovereign-citizen arguments. The court lacks jurisdiction over such a request.

To the extent that Morris' writ can be construed as challenging the legality of his underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). Because Morris has previously filed a § 2255 motion that was denied on the merits, he must first obtain authorization from the United States Court of Appeals for the Fifth Circuit before he can pursue a successive § 2255 motion. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). He has not received authorization from the Fifth Circuit to file a successive § 2255 motion

here. Accordingly, Morris' attempt to challenge the legality of his underlying sentence, construed as a successive § 2255 motion, is dismissed for lack of jurisdiction. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

Likewise, if Morris seeks to file a habeas corpus petition under 28 U.S.C. § 2241, the court lacks jurisdiction to consider his petition. A § 2241 petition is the proper procedural vehicle for attacking "the manner in which a sentence is executed." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (quotations and quoted case omitted). A § 2241 petition is not a substitute for a § 2255 motion. *Jeffers*, 253 F.3d at 830. Indeed, a § 2241 petition that challenges errors that occurred at trial or sentencing must either be construed as a § 2255 motion or dismissed for lack of jurisdiction. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Even so, a prisoner may file a § 2241 petition "to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citations omitted). The Supreme Court recently held that the savings clause is limited to "cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

Morris does not invoke the savings clause in his pleadings. Even if he did, there is nothing in the record or in his construed petition that indicates unusual circumstances. In 2013 the court denied Morris' § 2255 motion on the merits. Morris does not allege, much less demonstrate, that it is impossible or impracticable to present his claims under § 2255.

He cannot rely on § 2241 merely because he cannot seek relief under § 2255. *Cf. Pack*, 218 F.3d at 453 (concluding that prior, unsuccessful § 2255 motion, limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Morris has therefore failed to demonstrate that the remedy under § 2255 is inadequate or ineffective under the savings clause. *Id.* at 451. The court therefore lacks jurisdiction to consider his construed § 2241 petition.

III

Accordingly, Morris' *writ of praecipe* is dismissed without prejudice for lack of jurisdiction. Treating his writ as a successive motion to vacate sentence under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241, it is likewise dismissed without prejudice for lack of jurisdiction.

IV

Pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. In light of the ruling in this case, the court concludes that movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If movant files a notice of appeal, movant must pay the $605.00 fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

August 29, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE